# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ELIZABETH COLE CUNNINGHAM            CIVIL ACTION

VERSUS            17-488-SDD-EWD

LIBERTY MUTUAL INSURANCE COMPANY

## RULING

This matter is before the Court on the *Motion for Partial Summary Judgment on Plaintiff's Structure Claims*[1] and the *Motion for Partial Summary Judgment on Plaintiff's Claims for Damages Caused by Third Parties*[2] filed by Defendant, Liberty Mutual Insurance Company ("Defendant"). Plaintiff, Elizabeth Cole Cunningham, has filed an *Opposition* to each *Motion*,[3] to which Defendant has filed *Replies*.[4] For the following reasons, the Court finds that Defendant's *Motions* should be granted.

## I. PROCEDURAL BACKGROUND

On August 8, 2015, a pipe burst in Plaintiff's home, causing "extensive"[5] damage. Plaintiff then filed a claim with Defendant, her homeowners' insurer. The instant litigation arises out of issues surrounding that claim; Plaintiff alleges that she is owed "supplemental expenses"[6] and payment for damages to her home caused by third party contractors. Defendant filed the instant *Motions for Partial Summary Judgment* on

---

[1] Rec. Doc. No. 48.
[2] Rec. Doc. No. 50.
[3] Rec. Doc. Nos. 62 and 63.
[4] Rec. Doc. Nos. 73 and 74.
[5] Rec. Doc. No. 1-2, p. 1.
[6] Rec. Doc. No. 62-1, p. 2.
49617

October 1, 2018.[7] On November 5, 2018, Plaintiff requested a ten-day extension for the filing of her *Oppositions*, stating that she and her counsel were "overwhelmed by the . . .volume and complexity" of the motions.[8] This Court granted that request, setting a new opposition deadline of November 15, 2018.[9] Plaintiff subsequently filed her *Oppositions* one day late, on November 16, 2018.[10] On that basis alone, the Court could strike Plaintiff's *Oppositions* and grant the pending *Motions for Summary Judgment* as unopposed under Local Rule 7(f). However, for the reasons discussed below, the Court finds that, even if Plaintiff's untimely *Oppositions* are considered, Defendant is entitled to summary judgment on these claims.

II. **LAW AND ANALYSIS**

    A. **Plaintiff's Structure Claims**

Defendant argues that it is entitled to summary judgment on Plaintiff's structure claims because she "puts forth no evidence whatsoever to establish a genuine issue of material fact as to the cause and extent of such damage, even though she had been granted additional time to respond."[11] As Defendant notes, Plaintiff bears the burden of proving the amount of her loss. In her *Opposition*, Plaintiff reasserts her claim for "supplemental expenses"[12] and cites the language of the "insurance repair agreement" generated by Defendant, which states that the estimate of her damages is subject to change based on "plans, permitting, hidden damages . . .[and] code upgrades."[13] That

---

[7] Rec. Doc. Nos. 48 and 50.
[8] Rec. Doc. Nos. 56 and 57.
[9] Rec. Doc. Nos. 59 and 60.
[10] Rec. Doc. Nos. 62 and 63.
[11] Rec. Doc. No. 73, p. 1.
[12] Rec. Doc. No. 62-1, p. 2.
[13] Rec. Doc. No. 62-1, p. 1.
49617

may indeed be Defendant's policy, but Plaintiff fails to produce evidence that any of the above circumstances actually apply to her case and call for the payment of a "supplement." Her two-page *Opposition* is devoid of citations, exhibits, or any other evidence of her claim for loss. Plaintiff merely speculates that "inflation"[14] could justify an additional payment and laments that, whereas under ordinary claims management procedures, the Defendant "almost always pays"[15] requests for a supplemental payment, "the litigation process"[16] (which was initiated by Plaintiff) "destroys the direct discourse between the insured and insurer."[17] None of the above is competent summary judgment evidence of Plaintiff's damages. As such, the Court finds that Defendant's *Motion for Partial Summary Judgment on Plaintiff's Structure Claims*[18] should be granted.

### B. Plaintiff's Claims for Damages Caused by Third Parties

Plaintiff alleges that "some of her damages resulted from the acts or omissions of third parties retained by defendant."[19] Defendant, in turn, argues that it is entitled to summary judgment on these third-party damages claims because Plaintiff "cannot come forward with evidence showing [that Defendant] was responsible for the actions of any of these entities."[20] The doctrine of *respondeat superior* does not apply, Defendant argues, because there is no evidence that the third-party contractors were employees of Defendant. In her *Opposition*, Plaintiff concedes that "none of these contractors was an employee of [Defendant]"[21] and that "none would seem to qualify as a servant under

---

[14] Rec. Doc. No. 62-1, p. 2.
[15] Rec. Doc. No. 62-1, p. 2.
[16] *Id.*
[17] *Id.*
[18] Rec. Doc. No. 48.
[19] Rec. Doc. No. 63-1, p. 1.
[20] Rec. Doc. No. 50-1, p. 7.
[21] Rec. Doc. No. 63-1, p. 2.

49617

Louisiana law and its doctrine of *respondiat* [sic] *superior*."[22] Plaintiff nevertheless urges the Court to deny summary judgment because "Plaintiff should not be made to suffer for the poor judgment of the defendant whose hirelings have damaged her so."[23] Unfortunate as Plaintiff's case may be, sympathy cannot take the place of competent summary judgment evidence that demonstrates a genuine issue of material fact. In the absence of any such evidence, the Court finds that Defendant's *Motion for Partial Summary Judgment on Plaintiff's Claims for Damages Caused by Third Parties*[24] should be granted.

### III. CONCLUSION

For the reasons set forth above, Defendant's *Motion for Partial Summary Judgment on Plaintiff's Structure Claims*[25] and *Motion for Partial Summary Judgment on Plaintiff's Claims for Damages Caused by Third Parties*[26] are GRANTED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>January 16, 2019</u>.

*Shelly D. Dick*
**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[22] Rec. Doc. No. 63-1, p. 2.
[23] Rec. Doc. No. 63-1, p. 2.
[24] Rec. Doc. No. 50.
[25] Rec. Doc. No. 48.
[26] Rec. Doc. No. 50.
49617